(14 Misc. Rep. 462.)

### FARRELL v. HARRISON.

(City Court of New York, General Term. November 26, 1895.)

1. HUSBAND AND WIFE—WIFE'S SEPARATE PROPERTY—EARNINGS OF WIFE.

   Where the wife keeps boarders in the house in which her husband and herself live, the husband is entitled to receive the money paid for board, in the absence of a special agreement.

2. APPEAL—HARMLESS ERROR.

   Where defendant counterclaims for board furnished plaintiff, and the evidence shows that plaintiff lived in defendant's house, the refusal to instruct that defendant was entitled to the money paid for board by boarders kept by his wife, in the absence of a special agreement, is prejudicial.

Appeal from trial term.

Action by James Farrell against Roger Harrison. From a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FITZSIMONS and CONLAN, JJ.

Mulqueen & Mulqueen, for appellant.

August P. Wagener, for respondent.

CONLAN, J. Appeal from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial. This action was brought to recover for moneys claimed to have been converted by the defendant. The answer denies the complaint, and sets up a counterclaim for board and lodging furnished to plaintiff between August, 1894, and March, 1895. The evidence shows that the defendant was a married man during the period aforesaid, and tended to show that he kept house, and that the plaintiff lived in the family, and that his board and lodging was worth three dollars per week. At the close of this case, defendant's counsel asked the court to charge that where husband and wife lived together, and the wife kept boarders, and the boarders are kept in the house, the husband is entitled to the money paid for board, unless a special agreement is shown between the husband and wife, allowing the wife to have that claim for her sole property. The court refused to charge as requested, and defendant's counsel duly excepted. We think this was error. The defendant was entitled to have the proposition

charged as requested, and we cannot say that the refusal did not prejudice the defendant.

Judgment reversed, and a new trial ordered, with costs to abide the event.